**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000035**
**09-JUN-2021**
**08:22 AM**
**Dkt. 53 SO**

NO. CAAP-20-0000035

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
SON KYONG AMII, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-19-0002613)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Son Kyong Amii (**Amii**) appeals from the Notice of Entry of Judgment and/or Order, filed on December 27, 2019, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]

Amii was convicted of Attempted Assault in the Third Degree, in violation of Hawaii Revised Statutes (**HRS**) §§ 705-500(1)(b) (2014) and 707-712(1)(a) (2014),[2] and Terroristic

---

[1] The Honorable Florence T. Nakakuni presided.

[2] HRS § 705-500(1) states in part:

> **§705-500  Criminal attempt.**  (1)  A person is guilty of an attempt to commit a crime if the person:
>
> . . . .
>
> (b)  Intentionally engages in conduct which,

(continued...)

Threatening in the Second Degree, in violation of HRS § 707-717(1) (2014).[3]

On appeal, Amii contends there was insufficient evidence to convict her of Attempted Assault in the Third Degree, specifically that she did not commit a substantial step in a course of conduct intended to cause bodily injury[4] which constituted Assault in the Third Degree, and that the District Court made inconsistent findings.  Amii does not appeal her conviction for Terroristic Threatening in the Second Degree.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Amii's point of error as follows:

---

[2](...continued)

under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.

. . . .

(3)  Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

HRS § 707-712(1)(a) states:

**§707-712  Assault in the third degree.**  (1)  A person commits the offense of assault in the third degree if the person:

(a)  Intentionally, knowingly, or recklessly causes bodily injury to another person[.]

[3]  HRS § 707-717(1) states:

**[§707-717]  Terroristic threatening in the second degree.**  (1)  A person commits the offense of terroristic threatening in the second degree if the person commits terroristic threatening other than as provided in section 707-716.

[4]  "Bodily injury" means physical pain, illness, or any impairment of physical condition.  HRS § 707-700 (2014).

When the evidence adduced at trial is considered in the strongest light for the prosecution, State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007), there is substantial evidence to support Amii's conviction for Attempted Assault in the Third Degree, in other words showing she intentionally engaged in conduct constituting a substantial step in a course of conduct intended to culminate in the commission of Assault in the Third Degree. Further, the District Court did not make inconsistent findings.

Amii inaccurately portrays the District Court's findings, and we further reject her contention that by throwing a potted plant at the complaining witness and striking the bottom right corner of a screen door, the proper inference was that Amii intended to commit property damage and not Assault in the Third Degree. The District Court stated the complaining witness's screen door was closed when the pot Amii threw hit it and "it ended up in the corner of the screen door because [the complaining witness] had closed that screen door and had retreated." However, the District Court previously noted the complaining witness had peeked out of the door to look outside, saw Amii charge her with a pot and throw it at her.

During her direct testimony, the complaining witness testified that she had already called the police when she peeked outside and opened her screen door, when at that moment Amii charged at her, was swearing and threatening her, took a big plant that was near her door and that Amii "was trying to throw the plant right into me." The complaining witness demonstrated that Amii threw the potted plant at her using both hands cocked over Amii's right shoulder and then making a forward motion. The complaining witness further testified: "So when [Amii] threw the plant, actually I closed the door. It's a screen door. And I jumped out of the door. I was still on the phone with the police. Plant landed in the corner outside of my door."

The District Court found the complaining witness credible. The District Court also noted, *inter alia*, the

3

complaining witness's testimony that Amii told her "I'll kill you," that Amii had used swear words and acted aggressively toward the complaining witness, that Amii had made eye contact with the complaining witness and threw the plant aiming at the complaining witness.  The District Court stated: "To me that actual act of picking up -- of throwing the pot in the direction of -- after locking eyes with [the complaining witness] constituted that attempt."

As noted, in reviewing the sufficiency of the evidence for conviction, we consider the evidence in the strongest light for the prosecution.  Further, "given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, we have consistently held that . . . proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the [defendant's conduct] is sufficient."  State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (brackets in original).  "Thus, the mind of an alleged offender may be read from his acts, conduct, and inferences fairly drawn from all the circumstances."  Id. (citation omitted).

From Amii's acts, conduct, and the inferences fairly drawn from all the circumstances, Amii intended to cause bodily injury to the complaining witness by throwing a potted plant at the complaining witness from a close distance.  The potted plant weighed approximately four pounds, which could cause bodily injury if it had made contact with the complaining witness.  The complaining witness stated Amii made eye contact with her prior to throwing the pot, aimed for her, and was not attempting to hit anything else.  Thus, even though the potted plant did not make contact with the complaining witness, there is sufficient evidence to support a finding that Amii intended to cause bodily injury to the complaining witness by throwing the potted plant at her under the circumstances of this case.  Amii's picking up of the potted plant and throwing it at the complaining witness was strongly corroborative of her intent to commit Assault in the Third Degree.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, filed on December 27, 2019, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, June 9, 2021.

On the briefs:                          /s/ Lisa M. Ginoza
                                        Chief Judge
William H. Jameson, Jr.
Deputy Public Defender,                 /s/ Keith K. Hiraoka
for Defendant-Appellant.                Associate Judge

Brian R. Vincent,                       /s/ Clyde J. Wadsworth
Deputy Prosecuting Attorney,            Associate Judge
for Plaintiff-Appellee.